**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

No. 97-31151
Summary Calendar

_____


CLIFTON O. BINGHAM, JR., individually as sole
heirs at law and claimants of the estate of
Clifton O. Bingham, Sr., Deceased; MERRILYN B. SMITH,
individually as sole heirs at law and claimants of the
estate of Clifton O. Bingham, Sr.; MARSHA B. CARTER,
individually as sole heirs at law and claimants of the
estate of Clifton O. Bingham, Sr.; ELFA F. BINGHAM,
spouse in community of Clifton O. Bingham, Sr.;
CAROLYN B. SANDERS, individually as sole heirs at law and
claimants of the estate of Clifton O. Bingham, Sr.,

Plaintiffs-Appellants,


VERSUS


UNITED STATES OF AMERICA,

Defendant-Appellee.


_____

Appeal from the United States District Court
for the Middle District of Louisiana
(90-CV-25)
_____
July 16, 1998

Before KING, HIGGINBOTHAM,and DAVIS, Circuit Judges.

PER CURIAM:[*]

     Appellants appeal from an order of the district court denying

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

their motion to reopen this case. On appeal, appellants raise three arguments for reopening this case which they did not present to the district court. We have held that, absent plain error that affects substantial rights, we will not consider on appeal matters not first presented to the district court. *See Craddock Int'l Inc. v. W.K.P. Wilson & Son, Inc.*, 116 F.3d 1095, 1105 (5th Cir. 1997). Moreover, even where the district court has committed plain error, we will correct the error only if it "seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.*

The first argument appellants raise is that the district court's August 11, 1993 order dismissing this case without prejudice to the right of any party, upon good cause shown, to reopen the case within 150 days if a settlement were not concluded is void for lack of due process because appellants allegedly did not receive a copy of the order from the clerk's office. The district court issued this order upon being advised by the parties of a tentative settlement.

Under Rule 77(d) of the Federal Rules of Civil Procedure, the clerk's office was required to send a copy of the district court's order to appellants. We have recognized, however, that Rule 77(d) implicitly imposes a duty on parties to inquire periodically into the status of their litigation. *See Latham v. Wells Fargo Bank, N.A.*, 987 F.2d 1199, 1201 (5th Cir. 1993).

Appellants claim that they did not receive notice of the district court's order until late 1996. During the more than three years that elapsed between the issuance of the order and the date on which appellants allegedly received notice of it, appellants apparently failed to make a single inquiry to the clerk's office as to the status of the case. Appellants failed to do so despite the fact that the district court had previously issued an order dismissing the case without prejudice to the right of any party to reopen the case within 90 days if a settlement were not concluded upon being advised once before by the parties that a tentative settlement had been reached. Moreover, appellants did not file their motion to reopen until March 26, 1997, several months after they allegedly received notice of the order. Under these circumstances, the district court's alleged error was not one which "seriously affects the fairness, integrity, or public reputation of judicial proceedings."

The second argument appellants make for the first time on appeal is that the district court erred in rendering a judgment against a deceased person, Elfa F. Bingham, an original party plaintiff who died approximately seven months after appellants filed suit. Mrs. Bingham, however, was not a party to appellants' motion to reopen. The notice of appeal filed in this case specified "Clifton O. Bingham, Jr., et al." as the parties taking the appeal. Although Rule 3(c) of the Federal Rules of Appellate Procedure permits the use of the notation "et al.," the Advisory

3

Committee Notes make clear that the use of "et al." is sufficient to identify a party to an appeal only where it is objectively clear that the party intended to appeal. Fed. R. App. P. 3(c) Adv. Comm. Notes (1993 Amendment). In light of Mrs. Bingham's failure to join in the motion to reopen, it is not "objectively clear" that she intended to appeal. As appellants do not assert any basis for standing to raise claims on Mrs. Bingham's behalf, we conclude that we lack jurisdiction over such claims.

Appellants' final argument raised for the first time on appeal is that the district court's judgment should be set aside under Rule 60(b)(6). Although appellants concede that relief under Rule 60(b)(6) is justified only in "extraordinary" cases where none of the other grounds set forth under Rule 60(b) provide relief, they fail to allege any extraordinary circumstances justifying relief. Accordingly, we conclude that the district court did not commit plain error in failing to grant appellants' motion to reopen this case.

For the reasons stated above, the judgment of the district court is AFFIRMED. For the same reasons, appellants' motions to supplement the record on appeal and to stay or remand these proceedings are moot and hereby DENIED. Appellee's motion to strike Exhibit A of appellants' reply brief is also moot and hereby DENIED.

4